## STEPHEN JENNINGS *vs.* SAMUEL ESTES *& als.*

Where a partnership is alleged to exist between two persons, the acts and declarations of either bind him, but do not affect the other, and it often becomes necessary to prove the acts and declarations of one at a time ; and therefore such testimony may properly be admitted, and the legal effect of it be postponed until the Judge instructs the jury upon the law of the whole case, whose duty it would then be to inform them, that the acts and declarations of a party, before the partnership is proved, bind himself only.

In an action against two persons for services performed for them *in lumbering* at a certain time and place, if a witness offered by them state " that he was connected with them *in lumbering*," and the *defendants* do not call upon him to state more fully the nature of the connexion, that its limitations, if any, may appear ; the witness must be considered as interested and inadmissible.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit against *Estes, Rollins, Webster, & Heald* on an instrument of which the following is a copy. " $83,44. *Orono, April* 10, 1836. For value received, we promise to pay to *Stephen Jennings*, or order, the sum of eighty-three dollars and forty-four cents, to be paid in the month of *July* next, and interest.

" *Rollins, Estes, Webster & Heald,*

" *By Jefferson Heald.*"

*Heald* and *Webster* were defaulted. The signature was in the handwriting of *Heald,* one of the defendants, and *Rollins* and

*Estes* denied, that he was in any way authorized to sign for them, and also denied their being partners with him. The note was given for the plaintiff's work in cutting and hauling lumber in the woods; and it was proved by the plaintiff's own witnesses, that " the plaintiff hired with *Heald & Webster*, worked in their crew, boarded in their camp, separate and distinct from the camps of *Rollins & Estes*, that *Heald & Webster* settled with the plaintiff for his services, and gave the note signed as aforesaid by *Jefferson Heald.*" It was admitted that *Heald & Webster* were partners, and that *Estes & Rollins* were also partners, and the question was whether *Estes & Rollins* were partners with *Heald & Webster*, or had held themselves out as such; in relation to which there was much evidence. The exceptions state, that " to prove the copartnership of *Estes & Rollins* with *Heald & Webster*, the plaintiff offered the declarations and acts of *Heald & Webster*, which were admitted by the Court, on the condition that the plaintiff should connect them with said *Estes & Rollins*, and show they assented to the same, to which ruling the counsel for the defendants objected, unless said acts and declarations were made in the presence or with the knowledge of *Estes* or *Rollins.*" There was evidence tending to show an express promise by *Estes* to pay the plaintiff, and that he had in his hands the whole of the lumber cut by all. The defendants offered one *Spaulding*, as a witness, to whose admission the counsel for the plaintiff objected, and inquired of him, whether if the plaintiff obtained his pay out of the common stock of logs, the witness would not lose by it; to which the witness made answer, " if the logs he hauled were liable as partnership property to pay the plaintiff's demand, he supposed he should lose by it, and if he was a partner with *Heald & Webster* and others, he should be liable, but he did not know of any partnership, nor did he know but there was such; and that he was connected with *Estes & Rollins* in lumbering." Nothing further in relation to the interest of this witness, is found in the exceptions, except that, " upon the above statement, the Court rejected said witness." No other ruling of the Judge, and no instructions to the jury are found in the exceptions. The verdict was for the plaintiff, and the defendants excepted.

The arguments were in writing.

*Wilson,* for the defendants, urged, that the testimony objected to by him at the trial was inadmissible. *Sherwood* v. *Marwick,* 5 *Greenl.* 295 ; 3 *Stark. Ev.* 1072, 1075. And that the witness rejected should have been admitted.

*J. Appleton,* for the plaintiff, argued, that the testimony was rightfully admitted, and cited 3 *Watts,* 101 ; 17 *Serg. & R.* 453; 3 *Stark. Ev.* 1071. And that *Spaulding* was directly interested in the event of the suit, and clearly inadmissible. *Collyer on Part.* 460, and cases cited; *Hewitt* v. *Lovering,* 3 *Fairf.* 201.

The opinion of the Court was by

SHEPLEY J.— The acts and declarations of a person, tending to prove that he is a partner with another, bind him, but do not affect the other. When a partnership is to be proved by the acts and declarations of those who are alleged to be partners, it often becomes necessary to prove those of one person at a time. And if it were illegal to do so, it would preclude the proof of a partnership by proving the acts and declarations of each party to the contract. And yet such testimony might clearly prove a partnership by the acts and declarations of each member of it, while each is bound only by his own acts and declarations.

The legal effect of the testimony when admitted must necessarily be postponed until the Judge instructs the jury upon the law of the whole case as presented for their decision. It would then be his duty to inform them that the acts and declarations of a party, before the partnership is proved, bind himself only. No exceptions are taken to the charge, and this Court must of course infer, that the proper instructions were given.

The other exception relates to the exclusion of *Seth Spaulding* as a witness for the defendants. Being examined on the *voire dire* he said " he was connected with *Estes & Rollins* in lumbering." There is no limitation of this connexion stated by the witness, or apparent in the case ; and it must be regarded as a connexion co-extensive with their lumbering business. If it were not of that general character that would make him liable to contribute to pay all their debts arising out of that business, the defendants should have called upon him to explain more fully the nature of his connexion, that its limitations, if any there were, might have been

known. Without any explanation he appears to have been interested in the payment of all debts arising out of that business, where *Estes & Rollins* were liable. And if so, he had a direct interest to prevent a recovery against them, because he would be liable to pay a share of the sum recovered.

*Exceptions overruled.*