Asitburn, J.
The record presents two principal questions for consideration:
1. The admission of certain testimony offered by plaintiff below; and,
2. The rejection of certain testimony offered by the administrators of John Glenn, deceased, defendants below.
The action was brought, as the testimony discloses, by Kinney, to recover the price and value of a lot of sheep bargained and sold by him to the defendant, Luther Pot *426 ter; that, at the time of the transaction, Kinney had no-knowledge of the existence of any partnership relation between Luther Potter and John Glenn. Plaintiff below charged in his petition the existence of a partnership between them, and relied, for a recovery against the estate of' Glenn, solely upon the supposed fact of an actual partnership between Potter and Glenn at the time of the sale, but' to him unknown, until some time after the transaction.
The fact of a partnership was put directly in issue by the-answer of the administrators of Glenn. This, so far as the-liability of the estate of Glenn was concerned, cast the burden of proof upon the plaintiff, to show the actual existence of a partnership between John Glenn, now deceased,, and Luther Potter, at the time of the purchase of the sheep.
On the trial -below, the court permitted the plaintiff to-show, by the testimony of the witness, Samuel Baker, and others, the declarations of Luther Potter, made in the absence of Glenn, tending to show the existence of a partnership between Potter and Glenn. To this, the administrators objected and excepted. The court held the testimony competent against Potter, under the-issues in the case, and therefore admitted such declarations. Now, if the issues-raised any controverted fact or question as to the liability of Potter under the contract of purchase, then it would be-competent to prove the declarations of Potter, to show his liability, whether under the alleged partnership or otherwise. On the other hand, if the issues clearly admit the-liability of Potter on the contract, and also his full discharge from liability thereon, the declarations of Potter were wholly unnecessary to charge him with an original liability; so that the only purpose his declarations, which were admitted, could serve, was to show a partnership between Potter and Glenn, tending to charge the estate of Glenn.
An analysis of the pleadings between Kinney and Potter shows that Potter distinctly admits his personal liability to Kinney for the price and value of the sheep, to the amount claimed, less $400, which sum Potter avers he paid *427 Kinney on the contract. He also pleads his discharge in: bankruptcy, granted to him by the order of tbe federal court for tbe Northern District of Ohio, on bis petition for that purpose, after this debt in favor of plaintiff bad accrued. By bis reply, plaintiff denies that Potter paid him $400, but takes issue upon no other question of fact in the-answer of Potter. Tbe answer alleging bis discharge in bankruptcy was admitted, on a failure to reply to it. Ontbe issues thus made, tbe plaintiff, on Potter’s admission, was entitled to a judgment against him for tbe full amount of bis claim, without proof. Potter, to avail himself of tbe benefit of bis alleged payment, must introduce proof to sustain it; otherwise, having admitted be purchased the-sheep, at tbe price charged, judgment must go against him for tbe full amount on tbe pleadings. But proof of'payment could in no conceivable way involve tbe question of partnership, so as to render competent, on that question, tbe testimony objected to.
The discharge in bankruptcy, covering this debt, being-admitted, Potter was entitled to a verdict in bis favor, without other proof. His admitted discharge released him from liability on that debt, and no proof was admissible to ■ show bis liability. Plis declarations were not competent, as against him, on the state of tbe pleadings.
Tbe only effect of Potter’s declarations would be, it seems to us, to prejudice tbe interests of tbe estate of Glenn. They would almost necessarily, if credited, have an undue influence on tbe minds of tbe jurors, in inducing-a belief in tbe existence of a partnership between Potter and Glenn, and a verdict against plaintiffs in error. Prom tbe nature of tbe pleadings, such testimony, when admitted,, could be used for no legitimate purpose. Tbe statement of tbe court, on their admission, that they could only be used against Potter, was vain, for tbe reason that, under tbe pleadings, they could not be used for such purpose. No-valid judgment, under the admitted plea in bankruptcy, was possible against Potter. "We think tbe admission of' tbe declarations of Potter, made when Glenn was not pres *428 ■ent, were calculated to mislead the jury, and injuriously affect the interests represented by the administrators.
On an issue of partnership the declarations of one of the .alleged partners, made in the absence of the other, can not, as against the one absent, be used to establish the controverted fact of partnership. This rule of evidence seems to be well established. See Grafton Bank v. Moore, 13 N. H. 99 ; McPherson v. Rathbone, 7 Wend. 216 ; Welsh v. Speakman, 8 Watt. & Serg. 257 ; Jennings v. Faster et al., 16 Me. 323; Tuttle v. Cooper et al., 5 Pick. 414 ; Whitney v. Ferris et al., 10 Johns. 66.
It is assigned for error here that the court of common pleas erred in excluding the depositions of Reed McDonald, John Ditzler, and Logan Kennedy, in regard to the character of one Samuel Baker for truth and varacity.
The testimony of Kennedy and Ditzler was properly ruled out. The witnesses testify to their personal knowledge, and not to the general reputation of the witness, Baker, for truth and veracity. The scope of the question put to either witness, eliciting his answer, does not appear, but it is clear they do not speak from the general character or reputation of Baker. The rule of law on this point, as stated in Bucklin v. The State of Ohio, 20 Ohio, 18, is sound, and, tested by that rule, both depositions were properly excluded. The witness, McDonald, testifies :
“ I have known Samuel Baker for twenty years; I mean Samuel Baker who lived in Fulton county, Pennsylvania, until he removed west, and the same person who was engaged with Glenn, Miller, and Kennedy, in driving sheep; 1 had means of knowing his character for veracity and truth, by my knowing nearly all the people resident in the county of Fulton, Pennsylvania; his character for truth and varacity was and is bad; I would not believe him upon his oath.”
The testimony of this witness, we think, was improperly excluded. The record does not show the form of the question put to the witness eliciting his answers, but we think it appears, by the answer of the witness, that his mind had *429 grasped and considering tbe subject of Baker’s general-reputation for truth and varaeity; and from that consideration he made'answer that he had the means of knowing Baker’s character in that respect from knowing the people-amongst whom Baker had lived a long time. Erom a knowledge of his character for truth, thus acquired, he testified. In all such cases the fact to be ascertained by the inquiry is the public estimation for truth in which the witness proposed to be impeached is held. 5 Ohio St. 605 ; 26-Ohio St. 574. The witness uses the word character instead of reputation. That did not render the testimony incompetent. Character, in the sense used by the witness,, is synonymous with reputation. If the deposition of McDonald was, as stated by counsel, ruled out because the-witness used the word character and not reputation, the reason for the ruling was insufficient. 20 Ohio, 18 ; 2 Ohio-St. 44.
We think the deposition of McDonald, to the extent we-have quoted, was competent testimony, aud that the court erred in excluding it.

Judgment reversed.