DAUGHERTY et al. v. WILES et al.

(Court of Civil Appeals of Texas. San Antonio. April 2, 1913. Rehearing Denied May 14, 1913.)

1. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

An assignment of error, not followed by a statement tending to sustain or throw any light on the contentions of appellant, will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. PLEDGES (§ 30*)—OBLIGATION OF PLEDGEE—COLLECTION OF NOTES PLEDGED.

A pledgee must collect at maturity notes deposited with him as collateral, whether the debt of the pledgor is then due or not.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 75–85; Dec. Dig. § 30.*]

3. PLEDGES (§ 30*)—ENFORCEMENT OF PLEDGED NOTES—DEFENSES—EXTENSION OF TIME OF PLEDGOR'S DEBT.

An agreement extending the time of payment of the debt of the pledgor does not affect the liability of makers of notes pledged by him.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 75–85; Dec. Dig. § 30.*]

4. EVIDENCE (§ 423*) — PAROL EVIDENCE — BILLS AND NOTES—RELATION OF PARTIES TO THE CONTRACT.

Parol evidence is admissible to show that one signing a note, followed by the word "surety," is a principal and not a surety.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. § 423.*]

5. APPEAL AND ERROR (§ 1062*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

The erroneous submission to the jury of an issue not raised by the pleadings is not prejudicial to the defeated party where the determination of the jury did not injure him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

The objection that an answer in the verdict is obscure may not be reached by assignment complaining of the instructions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

7. PLEDGES (§ 58*) — ACTION TO ENFORCE PLEDGED NOTE—JUDGMENT.

The seller of property, to whom the purchasers had given their notes for the price, secured by a pledge of notes given to them by buyers from them, sued on all the notes, asking, as did also the pledgors, that the rights of all parties be adjusted. Judgment was rendered against all the defendants, execution to be levied first against the makers of the collateral notes; any balance unsatisfied to be collected from the pledgors. Held, that the makers of the collateral notes had no ground of complaint.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 186–194; Dec. Dig. § 58.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR.

An assignment of error, not followed by statements, will not be considered, and mere references to other assignments or to the record for statements are insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Bexar County.

Actions by J. H. Wiles against L. H. Bradford and others. From a judgment for plaintiff against all of defendants, execution first to issue against B. M. Daugherty and J. B. Hancock, they appeal. Affirmed.

O. M. Fitzhugh and Swearingen & Tayloe, all of San Antonio, for appellants. Wm. L. Schlesinger and Frank H. Booth, both of San Antonio, for appellees.

FLY, C. J. J. H. Wiles sued L. H. Bradford and Patrick Henry on their two promissory notes, one for $675 and the other for $600, and in a separate suit sought a recovery on two notes for the same sums executed by B. M. Daugherty and J. B. Hancock, which, it was alleged, were placed with said Wiles by Bradford and Henry as collateral to secure their notes. The two suits were consolidated. Appellants, Daugherty and Hancock, sought to avoid liability on the ground of failure of consideration, resulting from misrepresentations of Bradford and Henry, who were members of a firm with Wiles, and who were acting as agents of said Wiles in the sale of the interest of said Wiles in the San Antonio Furniture Company to appellants, for which interest the notes sued on were given.

The cause was submitted to the jury on special issues, and on the responses to the questions returned by the jury judgment was rendered in favor of Wiles as against all of the defendants for the amount sued for; execution first to issue against appellants, and then for any balance that might remain against Bradford and Henry.

The evidence totally fails to show that Bradford was acting as the agent of Wiles in the sale of the latter's interest in the furniture company. The testimony showed that Bradford wished to have Wiles, who resided in another state, out of the partnership in order that he might have an active partner who would assist in pushing the business. He was not representing Wiles in the sale to appellants of Wiles' interest in the partnership. There was a positive denial upon the part of Wiles and Bradford of the latter's agency, and the evidence depended upon was of too shadowy and insubstantial a nature to call for a submission to a jury. This conclusion disposes of the first, second, third, and fourth assignments of error.

[1] The fifth, sixth, seventh, and eighth assignments of error are not followed by statements that tend to sustain or throw light upon the contentions of appellants, and they are overruled.

[2, 3] The claim is made by Hancock, through the ninth assignment of error, that an extension of the Bradford and Henry notes was made by Wiles, which had the effect of releasing him on the notes given by Daugherty as principal and Hancock as surety to Bradford and Henry, and which were indorsed to Wiles as collateral security. How an extension of the notes of Bradford and Henry could affect the liability of a surety on other and different notes is not attempted to be shown. The principal of Hancock in this case was Daugherty, and it is not pretended that any extension was given him, or that his notes were in any manner affected by the extension granted to Bradford and Henry. No extension was granted to Daugherty, and, when his notes were deposited as collateral security, it was the duty of the pledgee, when they became due, to collect them. It was immaterial whether the debt of the pledgor was due or not at the time the collaterals became due; the pledgee was under obligation to collect the collaterals. The agreement as to extension of pledgor's notes had no effect whatever on the notes deposited with and transferred as collateral security to the pledgee. Daniel, Neg. Instr. §§ 825a–826.

A surety is not released by a failure to sue at the first or second term unless he has given notice, in writing, to the creditor forthwith to institute suit upon the promissory note on which he is surety. Rev. Stats. 1911, arts. 6329–6330. This has been the law in Texas since 1858. It is not pretended that any such notice was given in this case.

The consideration in the notes given by Bradford and Henry to Wiles was not the same as in the notes given to the former by appellants. They may have been given for the same goods, but the consideration was one moving between different parties and could not be denominated the same consideration. As stating a proposition that sustains the contention of appellants that the

extension of the notes of Bradford and Henry released Hancock on a note, the principal on which was Daugherty, Jones on Pledges and Collateral Securities, § 518b, is cited. The only authority cited by the text-writer that in the least sustains his proposition is the case of Slagle v. Pow, 41 Ohio St. 603, which is on an entirely different state of facts from those in this case. In that case Barnes and wife gave a note for $1,500 to Slagle, and afterwards as a consideration for an extension executed another note for $1,000 with Pow and Hawkins as sureties, payable to Slagle, which was given to the payee as collateral security. When the period of extension of the original note expired and it became due, Slagle, the payee, again extended its payment for a definite time, for a consideration, and it was held that such extension released the sureties on the note for $1,000. The court placed its judgment on the ground that the makers of the two notes were the same; there being no consideration for the second note, except the existence of the first note and the extension of its time of payment. In other words, the consideration of both notes was the same. The court said: "The makers of the note for $1,500 were liable also on the contract which was held as collateral to it. The collateral contract did not rest on a distinct consideration, but the consideration of the principal note and of the collateral were the same. In the ordinary case of holding one note or contract as collateral to another, each note or contract rests upon a distinct consideration. The extension of time on a principal note or contract, which would release sureties upon it, would not affect a note or contract belonging to the principal debtor upon a distinct and different consideration as collateral to it. * * * The right of action on the collateral is in no way dependent upon the principal debt, except that the principal must remain unpaid to give the right to enforce the collateral. The consideration to Barnes for the principal and the collateral being the same, and Pow and Hawkins being sureties only, their relation to the principal debt was the same as if they had been sureties on the original note, limited only by the amount for which they undertook." In the note or contract in that case signed by the sureties, it was recited that it was given as collateral security for the first note.

In this case Wiles sold his interest in the furniture company to Bradford and Henry, who gave their note for the purchase money, and then Bradford and Henry sold to appellants and took their note. The notes evidenced two transactions, between different parties, for different considerations. The property may have been the same, but the transactions were essentially different.

[4] Independent of all these matters, the testimony shows that Hancock was a principal on the notes given by him and Daugherty to Bradford and Henry. He testified that he bought an interest in the furniture company, and clearly shows by his own testimony that he was a principal and not a surety. The only testimony depended on by Hancock to show he was a surety is that after his name he wrote the word "surety." That, however, is not conclusive, and parol evidence may be introduced to show that a person so signing was a principal. Brandt, Sure. & Guar. § 31. The facts pleaded in the answer of appellants make each of them a principal. Appellants do not point out in their brief any evidence tending to show Hancock was a surety, except that the word "surety" followed his name on the notes. The article of the statute and the case of Buster v. Woody, 146 S. W. 689, cited by appellants, have no applicability to this case. That article and case are in regard to indorsers of commercial paper, and have no reference to sureties.

[5, 6] The seventh assignment of error is overruled; the issue as to whether the sale was to Bradford and Henry or to Daugherty and Hancock was not raised in the pleadings of appellants; and the submission of such issue, whether erroneously submitted or not, could not have injured appellants. The answer of the jury indicates what the jury intended to find. If the answer is obscure, it would not be reached by assignment complaining of the charge. The charge could have been answered clearly and intelligently. If the court, and not the jury, should have determined whether Wiles was the legal holder of the notes signed by Daugherty and Hancock, how did that injure appellants? The day for considering merely legal abstractions is happily passed.

[7] In the prayer of Wiles, as well as that of Henry, the court was asked to adjust all the rights and equities between Bradford and Henry on the one part and J. B. Hancock and B. M. Daugherty on the other part. Appellants have no cause of complaint, because the court found them liable on their notes, and a payment by Bradford and Henry of their notes would not relieve appellants of their indebtedness or satisfy the judgment against them. After such payment of their notes by Bradford and Henry, the judgment against appellants would inure to the benefit of the original payees.

[8] Assignments of error 11 to 27, inclusive, are not followed by statements and will not be considered. References to other assignments or to the record for statements are not sufficient. Griffin v. State, 147 S. W. 328.

The judgment is affirmed.