DAUGHERTY et al. v. WILES.
(No. 14–2590.)

(Commission of Appeals of Texas, Section A. Jan. 15, 1919.)

1. TRIAL ☞139(1)—DIRECTION OF VERDICT —SUFFICIENCY OF EVIDENCE.

To authorize the court to take a question of fact from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it.

2. PRINCIPAL AND AGENT ☞23(2)—ESTABLISHMENT OF RELATION—CIRCUMSTANTIAL EVIDENCE.

Agency may be established by circumstances such as the relation of the parties and their conduct with reference to the subject-matter of the alleged contract.

3. PRINCIPAL AND AGENT ☞22(3) — EVIDENCE—ACTS OF AGENT.

Agency cannot be established by proof of the acts of the agent, unless it appears that the principal knew of, or assented to them, but where the acts justified a reasonable inference that the principal had such knowledge and would not have permitted them if unauthorized, the acts are competent.

4. PRINCIPAL AND AGENT ☞24 — ESTABLISHMENT OF RELATION—QUESTIONS OF LAW AND FACT.

It is within the province of the court to determine whether under an ascertained state of facts an agency exists, but it is for the jury to determine the existence of facts sufficient to constitute agency.

Error to Court of Civil Appeals, Fourth Supreme Judicial District.

---

Consolidated actions by J. H. Wiles against L. H. Bradford and another and against B. M. Daugherty and another, respectively. Judgment for plaintiff was affirmed by the Court of Civil Appeals (156 S. W. 1089), and defendants Daugherty and another bring error. Reversed and remanded, as recommended by Commission of Appeals.

O. M. Fitzhugh and P. H. Swearingen, both of San Antonio, for plaintiffs in error.

W. L. Schlesinger and F. H. Booth, both of San Antonio, for defendants in error.

STRONG, J. The plaintiff, Wiles, instituted two suits, one being against L. H. Bradford and Patrick Henry on two notes payable to Wiles, aggregating the sum of $1,275, and the other being against plaintiffs in error, Daugherty and Hancock, on two notes executed by them, payable to L. H. Bradford and Patrick Henry, and being otherwise conditioned as the notes involved in the other suit, it being alleged by Wiles that they were delivered to him by Bradford and Henry as collateral to secure the payment of their notes. The suits were consolidated.

Bradford and Henry answered by general demurrer and general denial, and Henry added by way of special answer that all four of the notes sued upon were executed at the same time and for the same consideration; that the notes he signed were in reality the collateral notes to secure the Daugherty and Hancock notes; that the consideration for all the notes passed direct from Wiles to Daugherty, who bought an interest which Wiles owned in the San Antonio Furniture Company. Plaintiffs in error, Daugherty and Hancock, in addition to the general denial, answered in substance that the notes executed by them were given as a part of the consideration for the purchase by Daugherty from Wiles of a one-half interest in what was known as the San Antonio Furniture Company; that the Wiles interest in the business had been offered for sale to Daugherty by Bradford, all the negotiations for said sale being conducted through Bradford, or Bradford and Henry as the agents of Wiles. It was further alleged that in the negotiations leading up to the sale Bradford and Henry made certain misrepresentations concerning said business, which induced Daugherty to purchase the Wiles interest in said business, and that the representations so made were untrue, false, and fraudulent; thereby the consideration of the notes had failed. Hancock further answered that he was only a surety on the notes, which fact appeared on the face of the notes and was known to all parties, and that Wiles had granted an extension on the principal notes without the knowledge or consent of Hancock, whose notes were only collateral, and that he was thereby relieved from further liability.

The case was submitted to the jury on special issues, including the issue of agency as made by the pleadings. The jury being unable to agree upon this issue, the court peremptorily instructed them to find that neither Bradford nor Henry was the agent of Wiles in the sale to Daugherty, and withdrew from their consideration all questions bearing upon the issue of fraud, misrepresentations, and failure of consideration. Upon the answers of the jury to the other issues submitted the court rendered judgment against plaintiffs in error, which was affirmed by the Court of Civil Appeals. 156 S. W. 1089.

The main question for determination is whether or not the trial court erred in withdrawing the issue of agency from the jury.

[1, 2] In order to authorize the court to take a question of fact from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Insurance Co. v. Kemendo, 94 Texas, 367, 61 S. W. 1102. Measured by this rule, we are of opinion, after a careful examination of the record, that there is evidence supporting the theory of plaintiffs in error that Bradford was the agent of Wiles in the sale of his interest in the furniture business to Daugherty. It is well settled that agency may be established by circumstances, such as the relation of the parties and their conduct with reference to the subject-matter of the alleged contract. Without undertaking to set out in detail the evidence touching this issue, it is disclosed by the record that at the time of the negotiations Wiles, Bradford, and Henry were partners. Bradford and Henry lived in San Antonio, Tex., and had complete control of the partnership business. Bradford was general manager, and was recognized by Wiles as his agent in all things connected with the business. Neither Daugherty nor Hancock personally knew Wiles. Prior to the beginning of the negotiations of the purchase of the Wiles' interest of Daugherty Bradford requested and received permission from Wiles to sell Wiles' interest in the business to some person satisfactory to him, Bradford. After receiving this permission, Bradford offered to sell the Wiles' interest to Daugherty, and communicated to Wiles the information that he had found a prospective purchaser in the person of Daugherty, who would pay $1,000 cash and execute notes due in one and two years for $1,275, with Hancock as surety. Wiles answered this communication, agreeing to the sale, provided Bradford and Henry would indorse the notes. Thereafter a deal was closed by which Daugherty acquired the Wiles' interest on the terms stated.

[3, 4] True, both Wiles and Bradford deny Bradford's agency in the transaction, but this is not conclusive. In many cases, agency arises, not from the use of express lan-

guage, nor from the existence of a well-defined relation, but from the general conduct of the parties. If relations exist which constitute an agency, the agency exists, whether the parties so understand it or not. As a general rule, agency cannot be established by proof of the acts of the alleged agent, in the absence of evidence to show the principal's knowledge of such acts or his assent to them, but where the acts are of such character as to justify a reasonable inference that the principal had knowledge of them, and would not have permitted them, if unauthorized, the acts themselves are competent to show agency. It is within the province of the court to determine whether under an ascertained state of facts an agency exists, but it is for the jury to determine the existence of facts sufficient to constitute agency. Bradstreet v. Gill, 72 Tex. 115, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768. There is evidence in the record that Bradford made fraudulent representations to Daugherty in the sale, which were relied upon by Daugherty; and we think this issue, together with the issue of Bradford's agency, should have been submitted to the jury.

It is unnecessary to determine whether or not Hancock was released, by the extension of the time of payment of the Bradford and Henry notes, without his consent, as this issue will probably be more fully developed upon another trial.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. The case is correctly remanded upon the ground stated by the Commission in its opinion.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes