## GOAD v. STANDARD TANK & STEEL WORKS. (No. 10276.)

(Court of Civil Appeals of Texas. Fort Worth. May 19, 1923.)

**1. Principal and agent ⬤═22(2)—Testimony of agent's declarations as to agency held admissible.**

Testimony as to declarations of a purchaser to the seller that the purchaser was acting for defendant were properly admitted where merely introductory to further testimony that the seller got into communication with the defendant, who later sanctioned the purchase.

**2. Principal and agent ⬤═20(1)—Admission of telegram purporting to confirm purchase by an agent held not error.**

In an action for the price of goods sold on order by one who claimed to be the agent of defendant G., in which there was testimony that the seller got into communication with G., who instructed seller not to let the goods go out until G. had talked with the agent, it was not error to admit in evidence a telegram to seller instructing him to deliver the goods as desired, and signed "G. Motor Company," together with testimony that G. later admitted sending the telegram.

Appeal from Stephens County Court; J. W. Darden, Judge.

Action by L. C. McFall, doing business under the name of the Standard Tank & Steel Works, against T. J. Goad and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

E. W. Bounds, of Fort Worth, for appellant.

Jas. G. Harrell and John F. Evans, both of Breckenridge, for appellee.

BUCK, J. L. C. McFall, doing business under the name of the Standard Tank & Steel Company, filed suit in the county court of Stephens county against T. J. Goad and W. N. Throop for the value of one 500-barrel

steel tank, alleged to have been sold to defendants the latter part of 1920. In one count it was alleged that defendants were partners, and in another count it was alleged that Throop was the agent of Goad. On the trial A. L. Rector, a witness for plaintiff, testified: That during the latter part of November, 1920, Throop came into the place of business of the Ranger Boiler Works, the name under which plaintiff was doing business at that time, and ordered a steel water tank, and that Rector quoted him a price of $750. That Throop told the witness that he and Mr. Goad would furnish the tanks for a well to be drilled on the Stovall lease, near South Bend. That witness called up Mr. Goad over the long distance telephone at Mineral Wells, where the latter was in business, and told him that Mr. Throop had ordered the tank, and had stated that he (Throop) and Goad were interested in the matter together, and that before the tank was sent out, the witness wanted Mr. Goad to "sanction the order," as Mr. Throop had no money. That "Mr. Goad said for us not to take the tank out until he could talk to Mr. Throop; that he had been talking about furnishing tanks for different wells, but before he took the tank he wanted to know of the transaction. After having this conversation with Mr. Goad we did not take the tank out." The witness further testified:

"Mr. Goad is engaged in the garage business in Mineral Wells under the trade name of Goad Motor Company. I do not know how many people are connected with the Goad Motor Company or who constitute the company. Later we received a telegram from Mr. Goad. This is the telegram. Mr. Goad later told me he caused it to be sent."

The telegram is as follows:

"Dallas, Texas, 1155 A Dec. 2, 1920. Ranger Boiler Works, Breckenridge, Texas. Deliver to Mr. Throop tanks as desired. Goad Motor Co. 6:20 P."

J. G. Harrell, one of the attorneys for plaintiff testified:

"I know Mr. Goad. I heard him testify that he was in my office and had a conversation with me. This was prior to the time the suit was filed. I showed him the telegram introduced in evidence, and he said, 'I authorized the telegram to be sent, but you can never prove it on me.' Mr. Guynn was in the office at the time. He was in my office twice, I believe. There might have been some one with him. I am not sure that it was Mr. Guynn. I think that Mr. Guynn was with him the first time he was in my office."

[1] Appellant's first assignment of error is directed to the admission of testimony of R. L. Rector, detailing a conversation between witness and W. N. Throop concerning the purchase of a certain tank for the sum of

$750, and specially that part of the conversation which was, to wit:

"I asked him about what arrangements he could make to pay for this tank, as we knew that he was not responsible at that time, and he stated that he and Mr. Goad would furnish tanks for this well, and that we could get in touch with Mr. Goad and he would confirm it."

The grounds of objection were that it was not shown at the time that any partnership or any other business relation existed between Mr. Throop and T. J. Goad. We overrule this assignment. The subsequent conversation between the witness Rector and Goad, over the long distance telephone, shows that there was some sort of relationship between Goad and Throop in the furnishing of tanks for different wells, and the telegram later received from the Goad Motor Company, shown to be the trade name under which defendant was doing business, authorizing the tank to be delivered to Throop, sustains the action of the trial court in admitting the testimony of which complaint is made. As a general rule the declarations of one tending to show that he is an agent of another, or is in partnership with another, sought to be charged, is inadmissible. Brown v. Watson, 72 Tex. 216, 10 S. W. 395; Buzard v. Jolly .(Tex. Sup.) 6 S. W. 422. But, as in the instant case, where the statements of the alleged partner or agent are offered as merely introductory and explanatory of the further action of the witness in talking to or communicating with the defendant, and where the testimony later shows that the relationship of agent and principal, or of partnership, exists, such introductory evidence is admissible. While some parts of the testimony objected to probably had no probative effect, such as that the witness knew that Throop was not responsible at the time, etc., yet, in a case tried before the court without a jury, and specially as no specific objection was made to this part of the testimony, we hold that no error is shown in the admission of such testimony. In Bush v. Kellogg Co., 34 S. W. 1056, this court, speaking through Justice Stephens, said:

"While a party sought to be charged as a partner or principal is not bound by the ex parte declarations of an alleged partner or agent tending to prove the partnership or agency, yet, where competent evidence aliunde is introduced tending to establish such partnership or agency, and the evidence as to his being privy to the declarations is such as to raise a controverted issue in that respect, the objection to the competency of such declarations is no longer tenable."

In this case the plaintiff was suing both Goad and Throop, and the evidence objected to was certainly admissible as to the cause of action against Throop. In the discretion of the court the declaration of a partner may be received as against himself, to become competent against the remaining partners should a partnership relation become established later in the trial. Jennings v. Estes, 16 Me. 323; Fogerty v. Jordan, 25 N. Y. Super. Ct. 319, cited in 16 Cyc. p. 1031.

[2] Another assignment is leveled at the admission in evidence of the telegram signed by the Goad Motor Company, set out hereinabove. The trial court qualified the bill of exception to this admission in the following language:

"The above and foregoing bill is allowed with the following qualification: At the time the telegram was offered in evidence defendant did not object to same because it was secondary evidence or because the original on file was not accounted for and the only intimation that defendant was making any objection to the admissibility of said telegram on the grounds that it was secondary evidence were the remarks made by defendant's counsel on argument before the court of objections previously stated by defendant's counsel, in which argument counsel used the following language: 'And further because the telegram itself presupposes the filing of the original message in the office of the telegraph company in Dallas, and the original is not produced or accounted for.' Before the telegram was offered in evidence the witness Rector testified that defendant T. J. Goad had admitted to him that he (Goad) caused it to be sent."

We think that, with the qualification by the trial judge, and in view of the fact that both Rector and Harrell testified that Goad had admitted to them that he caused to be sent the identical telegram offered in evidence, no error is shown in the admission of the telegram.

Mr. Goad testified that he knew W. N. Throop, but had no connection whatever with him in furnishing the tank in question; that he did not send the telegram introduced in evidence by plaintiff, and had no Goad Motor Company in Dallas; that he did not know anything about such telegram being sent from Dallas, and did not tell Mr. Harrell that he authorized the sending of the same. But the court, in the absence of a jury, was the judge of the credibility of the witnesses and of the facts proven, and, as he has found for the plaintiff under this conflict of testimony, we do not see our way clear to disturb the judgment below.

All assignments of error are overruled, and the judgment is affirmed.