## BARBER v. SMART.
### No. 1288.

Court of Civil Appeals of Texas. Eastland.

June 15, 1934.

J. T. Ranspot, of Mineral Wells, for appellant.

Ritchie & Ritchie, of Mineral Wells, and Jno. H. Eaton, of Gordon, for appellee.

LESLIE, Justice.

This is a suit by S. R. Smart against H. L. Barber for the balance of the purchase price of a drilling rig alleged to have been purchased by Barber through an alleged agent, J. O. Smart, a brother of the plaintiff. Barber denied the purchase and agency of the said J. O. Smart. Trial was before the court and jury, and upon the testimony the jury found that Barber authorized J. O. Smart to purchase the rig, etc., for him. From a judgment on that verdict Barber appeals.

Upon the trial the witnesses were permitted to testify to declarations of the alleged agent to the effect that he was acting for the defendant Barber in the purchase of the rig, etc. The ruling of the court in admitting this testimony over the objection that agency cannot be established by acts and declarations of the alleged agent is presented by various assignments. This is a correct proposition of law. Brown v. Watson, 72 Tex. 216, 10 S. W. 395; Buzard v. Jolly (Tex. Sup.) 6 S. W. 422; 2 Tex. Jur. p. 526, § 126. But it is equally true that where there is other evidence showing prima facie the fact of agency, then such declarations and acts may be received in corroboration of such evidence. Goad v. Standard Tank & Steel Works (Tex. Civ. App.) 253 S. W. 858; D. Sullivan & Co. v. Ramsey (Tex. Civ. App.) 155 S. W. 580; Stringfellow v. Brazelton (Tex. Civ. App.) 142 S. W. 937–939; Missouri Valley Bridge Co. v. Ballard, 53 Tex. Civ. App. 110, 116 S. W. 93, 99; Ferguson v. Lewis (Tex. Civ. App.) 290 S. W. 858; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 297 S. W. 799; Western Union Tel. Co. v. Brown (Tex. Civ. App.) 297 S. W. 267; State Amusement Co. v. Turrentine (Tex. Civ. App.) 21 S.W.(2d) 344; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265; 2 Tex. Jur. p. 527, § 127; 17 Tex. Jur., p. 551, § 228. These assignments are overruled.

It is also a settled rule of law that the fact of agency may be established by circumstantial evidence. Daugherty v. Wiles (Tex. Com. App.) 207 S. W. 900; Wardlaw v. Pace (Tex. Civ. App.) 66 S.W.(2d) 350; Sargent v. Barnes (Tex. Civ. App.) 159 S. W. 366; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265; 2 Tex. Jur., p. 506, § 109.

In the course of the trial, the court permitted testimony of such declarations and acts of the agent before the introduction of the testimony going to establish prima facie the fact of agency. This is not the logical order for the introduction of such testimony, but the court permitted this to be done on the assurance of appellee's counsel that testimony on the fact of agency would be introduced. There is no reversible error in this action on the part of the court. As said in 2 C. J. p. 940, § 695: "The order of proof in which the agent's declarations may be admitted is within the discretion of the court, and it is no objection that they are introduced first in point of time where there is an offer to prove the agency. * * *"

In this case the appellee's counsel made good the assurance, for we find in the statement of facts testimony (aside from the declarations, etc.) which, if believed, was ample to establish a prima facie case of agency on the part of J. O. Smart to purchase the property for the defendant Barber. The same text also states the rule in section 709, p. 946, as follows: "Evidence of an agent's acts cannot ordinarily be permitted before his authority is shown, although it is discretionary with the court to permit it where the authority is to be shown by circumstances."

The rule is supported by authorities cited from many jurisdictions, and from Texas by the following: International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93; Pullman Palace Car Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 624.

There are two assignments based upon alleged erroneous argument by appellee's counsel. They are merely referred to in a general way in appellant's brief. Regardless of this, however, we have carefully considered the same in the light of the testimony, and we are of the opinion that no error is disclosed.

For the reasons assigned, the judgment of the trial court is affirmed.