## BLACKBURN v. AUTOMOBILE FINANCE CO. et al.

### No. 2009.

Court of Civil Appeals of Texas. Waco.

Nov. 3, 1938.

Jas. D. O'Connor and Marshall McCullough, both of Dallas, for appellant.

David M. Weinstein, of Dallas, for appellees.

GEORGE, Justice.

This is a suit by L. P. Blackburn, appellant, against W. P. Sheppard, individually and doing business as Automobile Finance Company, appellee, and J. M. Reid, for actual and exemplary damages. It was commenced in the Justice Court and appealed by W. P. Sheppard to the County Court, where trial was had before the court and jury, and the jury, in response to special issues, made the following findings, among others: (1) That J. M. Reid obtained possession of appellant's automobile on June 27, 1935, by force or threats of violence; (2) that Reid was an agent or an employee of W. P. Sheppard on said occasion; (3) that J. M. Reid at the time of the taking of the automobile from appellant was acting within the scope of his employment with W. P. Sheppard in the manner in which he obtained pos-

session of the car; and (4) that W. P. Sheppard, subsequent to the taking of the automobile from appellant, with full knowledge of the facts, ratified the taking of the car by Reid in the manner in which he did take it. Appellant filed motion for judgment on the findings of the jury, and appellee filed his motion for judgment non obstante veredicto, and the court granted the motion of appellee and entered judgment that appellant take nothing by reason of his suit as against appellee.

The questions presented for determination are whether the evidence is sufficient to raise the issues (1) whether Reid was an agent or employee of appellee, W. P. Sheppard, on the occasion in question, and (2) whether W. P. Sheppard, subsequent to the taking of the automobile from appellant, with full knowledge of the facts, ratified the taking of the car by Reid. If the testimony raises either the issue of agency of Reid or ratification by Sheppard of Reid's act in taking the car and supports the jury's finding thereon, then the trial court erred in overruling appellant's motion for judgment against W. P. Sheppard and in granting Sheppard's motion for judgment non obstante veredicto.

Neither W. P. Sheppard, Bill Sheppard nor J. M. Reid testified. The pertinent testimony shows that appellee, W. P. Sheppard, is the owner and operator of Automobile Finance Company; that appellant borrowed $35 from the Finance Company on May 4, 1935, and gave his note for $38, payable in four installments of $9.50 each, and a mortgage on his automobile; that Bill Sheppard examined and appraised the automobile and approved the loan; that after the first installment became due, Bill Sheppard, on June 27, 1935, agreed with appellant that he could come to the Finance Company's office on the next or following day and pay up or bring the car in; that on the night of June 27th, Reid, Bill Sheppard and a stranger went to appellant's house in Carrollton; that Reid got out of the car and told appellant the Finance Company had sent him to get the car or the money on the note; that Reid took the car without the consent of appellant and over his objections; that on June 28th, Marshall McCullough went to appellee's place of business and told him he was appellant's attorney and wanted to pay off the note and get the car; that appellee then said, "Frank Ivey is my attorney. Go see him and whatever he does is all right

with me, we got the car, but you go see him;" that Frank Ivey, after talking on the telephone to some one he called Bill and requesting him to get the car down to Ivey's office as appellant wanted to pay off, prepared and delivered to McCullough a typewritten instrument to be executed by appellant, releasing Reid from prosecution and appellee and Automobile Finance Company from liability for the acts of Reid in forcibly taking the automobile from appellant; that McCullough returned the instrument to Ivey unsigned with the statement he was not willing to compound a felony; that Ivey then said, "If any settlement is made, Blackburn will have to settle everything in regard to the entire transaction;" that McCullough then asked where the car was and Ivey declined to inform him of its location; that McCullough, on leaving Ivey's office, filed suit for appellant for recovery of the car and damages for conversion against appellee and others; that writ of sequestration was issued but that the car could not be located; that Sheppard had not returned or offered to return the automobile to appellant upon the payment of the amount due up to the date of trial.

■ The record reveals that the sole purpose of Reid in going to Blackburn's home in Carrollton, Texas, was to either collect note or get car and deliver same to appellee, and that Reid immediately thereafter placed the car into appellee's control and possession, and that appellee, after admitting being a party to the taking of the car, placed same beyond the reach of appellant and the process of the law. These facts, together with others given in the record, not only raise the issues of agency and ratification but amply support the jury's findings. Daugherty v. Wiles, Tex.Civ.App., 156 S.W. 1089; Id., Tex. Com.App., 207 S.W. 900; Rucker v. Barker, 108 Tex. 280, 192 S.W. 528; Magnolia Petroleum Co. v. Guffey, Tex.Civ.App., 59 S.W.2d 174; Id., 129 Tex. 293, 102 S.W.2d 408; Lancaster v. Campbell, Tex.Civ.App., 218 S.W. 550.

■ If appellee received the automobile without knowledge of the manner in which it had been taken from appellant, he unquestionably retained the benefit of the wrongful taking by Reid after he had acquired full knowledge of all the facts and thereby ratified the acts of Reid in the taking. 2 Tex.Jur., sec. 90, pp. 488, 489.

The judgment of the trial court is affirmed insofar as it renders judgment against J. M. Reid, but is reversed insofar as it denies appellant judgment against appellee and the sureties on his appeal bond from the Justice Court, and judgment is here rendered that appellant, L. P. Blackburn, do have and recover of and from W. P. Sheppard and the sureties on his appeal bond, W. M. Kolleschnig and David Weinstein, the sum of $162.00, with interest thereon at the rate of six per cent per annum from the 22nd day of January, 1937, together with all costs in this cause incurred.