**ALEXANDER MARKETING CO. v. MEDFORD.**

No. 5986.

Court of Civil Appeals of Texas. Texarkana.
March 25, 1943.

810

B. F. Edwards, of Clarksville, and Pat S. Russell, of Annona, for appellant.

Pat Beadle and C. A. Holloway, both of Clarksville, and Wheeler, Atchley & Vance, of Texarkana, for appellee.

HALL, Justice.

The following is the agreed statement of the case: "The appellant was sued by the appellee on a stated account alleging the liability therefor against appellant because of goods, wares and merchandise furnished one E. Cannon, as the agent of appellant; and, in the alternative sought to allege agency in the said E. Cannon by estoppel. The estoppel allegations were based on the similarity of operations by E. Cannon during the period the account accrued, to previous years operations by E. Cannon while he was the agent of the appellant. The appellant denied E. Cannon to be its agent during the period the account accrued, either in fact or by estoppel. The case was submitted to a jury on special issues and on the answers of these issues by the jury, the court rendered judgment in favor of the appellee on the 29th day of August, 1941, in the sum of Eleven Hundred, Twenty-Six & 07/100 Dollars ($1126.07)."

Appellant's 10th and 11th points are:

"10. All the positive testimony showed conclusively that E. Cannon was a member of the partnership composed of himself and L. Cannon, operating under the firm name of Cannon & Cannon, and not as agent for Alexander Marketing Company. The court erred in submitting special issue No. 4."

"11. The positive testimony showing E. Cannon's employment with Alexander Marketing Company had terminated on or before June 6, 1940, the court erred in submitting special issue No. 5 to the jury."

Special issue No. 4 is: "Do you find from a preponderance of the evidence that E. Cannon in purchasing said merchandise was acting as agent of the Alexander Marketing Company at the time plaintiff (appellee) sold and delivered said merchandise to E. Cannon during 1940?" Jury answer: "Yes."

Special issue No. 5 is: "Do you find from a preponderance of the evidence that E. Cannon's employment with Alexander Marketing Company terminated on or before June 6, 1940?" Jury answer: "No."

These points present the controlling question in the case. The town of Avery, Red River County, Texas, and outlying communities such as Box Elder and Lydia, lie in a large tomato-growing section. The marketing season for tomatoes there begins June 10th to 15th, and continues until about July 1st. Large quantities of tomatoes are grown, wrapped, and packed in lugs or crates and shipped out in truck and carload lots. Appellant, with headquarters at San Benito, Texas, is a dealer in tomatoes and vegetables, and was engaged in buying tomatoes at Avery and surrounding territory during 1936, 1937, 1938 and 1939, with E. Cannon as its agent. Before shipment the tomatoes are inspected and wrapped under large sheds. An agent

representing both Federal and State Departments of Agriculture inspects all shipments and issues an "inspection certificate" showing the owner, brand or trade mark, grade and number of lugs. Appellee is engaged in the general mercantile business in Avery and the items of merchandise forming the basis of this suit were sold and delivered by him to E. Cannon as the alleged agent of appellant, and were used in preparing for shipment tomatoes bought by Cannon at Avery, Box Elder and Lydia during the last half of June, 1940. Appellant admitted the agency of Cannon during the tomato season at Avery for the years 1936 to 1939, both inclusive, but denied any connection with him during 1940. It is contended that during 1940 Cannon was buying tomatoes at Avery and surrounding communities on his own account; and appellant's secretary testified that Cannon's connection with appellant was severed June 6, 1940, although Cannon testified that his agency was terminated about May 15, 1940.

■ The correct rule to be applied when testing the probative force of testimony is stated by the late Chief Justice Brown in the case of Wininger v. Ft. Worth & D. C. Railway Co., 105 Tex. 56, 143 S.W. 1150: "If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff," that the evidence is sufficient to support the verdict. See, also, Underwood v. Security Life & Annuity Co. of America, 108 Tex. 381, 194 S.W. 585; Pennsylvania Fire Ins. Co. v. W. T. Waggoner's Estate, Tex.Civ.App., 41 S.W.2d 340, affirmed, Tex.Com.App., 39 S.W.2d 593. Guided by above rule we shall discuss the facts and circumstances in this record favorable to appellee and which support the verdict of the jury in his behalf. As said before, it is admitted that E. Cannon during the tomato season of 1936 to 1939, both inclusive, acted as agent of appellant in purchasing tomatoes at Avery and outlying communities, and that during said seasons he purchased for and on behalf of appellant certain items of merchandise similar in character to those forming the basis of this lawsuit. May 21, 1940, the following telegram was received by D. D. Burden at Avery:

"San Benito, Texas 4:28 P. M. 5/21st '40
"D. D. Burden, Avery Texas
"Hold New Gin Company Shed For Me
    If Possible Get Rent Down To $125
    Wire Confirmation
            "Alexander Marketing Company, Tubby."

The evidence shows that "Tubby" is the nickname for E. Cannon, and on the date this telegram was sent and received, E. Cannon, according to the testimony of appellant's secretary, Bendixen, was the admitted agent of appellant. Appellee, Medford, saw the above telegram a short time after it was received by Burden. The tomato shed was rented and used for the 1940 season and the name of Alexander Marketing Company was displayed thereon. The rent for this shed was paid by check drawn on the bank account of Cannon & Cannon. The tickets covering the items sold and delivered by appellee were made out to Alexander Marketing Company. Many of these tickets were o. k.'d by E. Cannon. The inspection certificates issued by the inspector for the Federal and State Governments for the tomatoes bought by Cannon at Box Elder were in the name of Alexander Marketing Company. All carload lots of tomatoes, with the possible exception of one, were consigned by Alexander Marketing Company to Alexander Marketing Company as shown by the bills of lading issued by the railroad company, two of which were signed by E. Cannon, and the others by his brother, L. Cannon. The record further shows that every morning during the 1940 season E. Cannon called John Binson, an officer of appellant, by telephone, many times collect, making inquiry as to the price of tomatoes each day. Appellee sold a great number of lugs to E. Cannon and was required by E. Cannon to place on the lugs the labels of Alexander Marketing Company carrying its brand "Old Fiddler" before the lugs were delivered to the loading sheds. On or about June 17, 1940, Alexander Marketing Company advanced E. Cannon $1,700 with which to buy tomatoes. This loan was on open account without a note evidencing same. Herman Smith, who was employed by Cannon to buy tomatoes at Box Elder, testified that some of the checks given for tomatoes at that place bore the name of Alexander Marketing Company as well as Cannon & Cannon. Mr. Bendixen, secretary of Alexander Marketing Company, testified: "We disassociated ourselves

from any connection with any outside loaders or packers, or shippers in '40, with the intention of not having to be involved in any dispute with the Wage and Hour Law, or the Labor Department, the Old Age Pension and other social security." When questioned on cross-examination, with respect to the bills of lading, he stated:

"Q. Have you seen those bills of lading? A. Yes.

"Q. They are signed Alexander Marketing Company? A. Yes.

"Q. And they were your tomatoes that were being shipped? A. Yes, we had purchased them.

"Q. Would you say that the men who signed those bills of lading had no authority to sign Alexander Marketing Company's name to them? A. I don't know that they had.

"Q. Were they shipped under your instructions? A. I don't know that they were."

Appellee, John Medford, testified:

"Q. Now, Mr. Medford, delivering these materials to these three different sheds, as shown by the statements, I will ask you to state to the jury upon what you relied in making those deliveries? A. I relied on several things. I relied on the· fact that I had done business with them for six or seven years previous to that, in the very same manner, with the very same man, namely, E. Cannon. I relied on the fact that I had seen the telegram renting the shed for Alexander Marketing Company previous to that, just five or ten days before, and I saw the telegram they had sent to Burden and I read it myself, renting the shed in Alexander Marketing Company's name."

These facts and circumstances, when viewed in the light of the rule set out in Wininger v. Railway Co., supra, are sufficient, in our opinion, to support the jury finding "that E. Cannon in purchasing said merchandise (the value of which is here in controversy) was acting as the agent of Alexander Marketing Company," and that "E. Cannon's employment with Alexander Marketing Company did not terminate on or before June 6, 1940." It is true that both Cannon and Bendixen denied Cannon's agency, "but," as said in Daugherty v. Wiles, Tex.Com.App., 207 S.W. 900, 901, "this is not conclusive. In many cases, agency arises, not from the use of express language, nor from the existence of a well-defined relation, but from the general conduct of the parties. If relations exist which constitute an agency, the agency exists, whether the parties so understand it or not. As a general rule, agency cannot be established by proof of the acts of the alleged agent, in the absence of evidence to show the principal's knowledge of such acts or his assent to them, but where the acts are of such character as to justify a reasonable inference that the principal had knowledge of them, and would not have permitted them, if unauthorized, the acts themselves are competent to show agency. It is within the province of the court to determine whether under an ascertained state of facts an agency exists, but it is for the jury to determine the existence of facts sufficient to constitute agency. Bradstreet Co. v. Gill, 72 Tex. 115, 9 S.W. 753, 2 L.R.A. 405, 13 Am.St. Rep. 768." Agency may be established by circumstantial evidence, Western Union Tel. Co. v. Holt, Tex.Civ.App., 264 S.W. 310, writ refused; Barber v. Smart, Tex. Civ.App., 73 S.W.2d 557, and authorities there cited. The sufficiency of the evidence to establish the agency of E. Cannon at the time appellee delivered to· him the items of merchandise here involved "is a matter exclusively within the realm of the jury". Stringfellow v. Brazelton, Tex.Civ. App., 142 S.W. 937, 939, writ refused. These points are overruled.

■ But should we be mistaken in our conclusion that the facts and circumstances are sufficient to establish the fact of E. Cannon's agency during his transactions with appellee, then we are of the opinion, and so hold, that said facts and circumstances are sufficient to support the findings of the jury sustaining appellee's contention that appellant is estopped to deny Cannon's authority to represent it in his transactions with appellee. Scott v. Law Union & Rock Ins. Co., Tex.Com.App., 12 S.W.2d 147. See, also, Baumgardner v. Kerr-Gifford & Co., 144 Wash. 206, 257 P. 390, for a case similar in point of fact to the one at bar.

■ Appellant also contends that the trial court erred in permitting proof of the account sued on because same was not itemized. The account alleged in appellee's petition was set out as certain numbered tickets, each for a stated amount. The items of merchandise were not listed but only the number and amount of each.

ticket. The evidence showed that both the original and copy of these tickets representing the sales of merchandise were in the hands of Cannon; and Cannon admitted the correctness of the account declared on in appellee's petition. This admission, under the jury's finding that Cannon in purchasing said merchandise was acting as agent of appellant, is binding on appellant and proof of said items becomes unnecessary. Nahm v. J. R. Fleming & Co., Tex.Civ.App., 116 S.W.2d 1174; Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916; 3 C.J.S., Agency, p. 146, § 236. This contention is overruled.

The other points brought forward by appellant have been carefully examined, are believed to be without merit, and are respectfully overruled.

The judgment of the trial court is affirmed.