## H. D. RUCKER v. A. M. BARKER, NEXT FRIEND.

### No. 2502.    Decided February 28, 1917.

**False Imprisonment—Agency—Damages—Question of Fact.**

Recovery being had of actual and exemplary damages for false imprisonment where plaintiff was arrested by a deputy constable employed by defendant to preserve order on his show grounds, it is held:

1. The testimony considered does not present an absence of legal evidence to show that the officer acted by defendant's directions and under his employment, not merely on his own volition as peace officer. (Pp. 282, 283.)

2. If the officer acted within the scope of his employment, though he exceeded his instructions, defendant was liable. (P. 282.)

3. If the arrest was by defendant's instructions and the unlawful violence exercised in his presence and with his tacit consent, a recovery of exemplary damages also was warranted. (Pp. 282, 283.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Barker, as next friend for Dyer, a minor, sued Rucker for false imprisonment, and recovered actual and exemplary damages. Defendant appealed, and on affirmance obtained writ of error.

*O. L. Stribling* and *W. F. Ramsey,* for plaintiff in error.—The undisputed evidence showed that Roberts, the officer who arrested Dyer and who did all the things complained of, in so doing acted in his official capacity as deputy constable, and not as an agent, servant or employee of defendant, who was not, therefore, liable for any acts, wrongs or injuries done or committed by him while so acting in his official capacity, and the District Court erred in not directing the jury to return a verdict for him. Sharp v. Erie Ry. Co., 90 App. Div., 502, 85 N. Y. Supp., 554; Jardine v. Cornwell, 50 N. J. L., 485, 14 Atl., 590; Texas & N. O. Ry. Co. v. Parsons, 113 S. W., 914; Texas & N. O. Ry. Co. v. Taylor, 31 Texas Civ. App., 617, 73 S. W., 1081; Cyc., vol. 19, p. 325.

To render the principal liable in exemplary damages for an agent's wrongful acts, there must be shown some misconduct on the part of the principal in connection with the agent's wrong to the extent of showing that the principal authorized or participated in the wanton or malicious act of his agent and, in the absence of proof of such malice and oppression, exemplary damages ought not to be allowed. Sargent v. Carns, 84 Texas, 156; Hays v. H. & G. N. Ry. Co., 46 Texas, 272; Shook v. Peters, 59 Texas, 393; Galveston, H. & S. A. Ry. Co. v. Donahue, 56 Texas, 162; Craddock v. Goodwin, 54 Texas, 578; Mutual L. Ins. Co. v. Hargus, 99 S. W., 583; Champion v. Vincent, 20 Texas, 811;

Wallace v. McNeil, 57 Texas, 477; Oliver v. Chapman, 15 Texas, 400; Weaver v. Ashcroft, 50 Texas, 427.

*Tom M. Hamilton* and *J. A. Kibler,* for defendant in error.—It being a question of fact as to whether Roberts, the deputy constable, at the time he made the arrest, acted in his official capacity, or whether he acted as the agent and employee, and under the direction and instruction of the plaintiff in error, and there being ample evidence in the record to support the findings of the Court of Civil Appeals thereon, such findings of fact are conclusive on the Supreme Court. Constitution of Texas, art. 5, sec. 3; Rev. Stats. of Texas, art. 1546; Schley v. Blum, 85 Texas, 551; Agency Co. v. McClelland, 86 Texas, 174; Railway Co. v. Levine, 87 Texas, 247; Dillingham v. Richards, 87 Texas, 437; Warren v. Denison, 89 Texas, 557.

Although Roberts abused his authority, and acted wantonly and recklessly in the performance of his duty in "settling the dispute" between Graves and Dyer, the plaintiff in error having authorized Roberts to "settle the dispute," he is liable for the acts of Roberts in executing his orders. Railway Co. v. Parsons, 102 Texas, 157; Railway Co. v. Dean, 98 Texas, 579; Perkins Bros. v. Anderson, 155 S. W., 556; Railway Co. v. Warner, 19 Texas Civ. App., 463, 49 S. W., 254; Cement Co. v. Reitzer, 135 S. W., 241; Eichengreen v. Railway Co., 96 Tenn., 229, 34 S. W., 221; Wood on Master and Servant, sec. 307.

The evidence conclusively showed that plaintiff in error, in causing the arrest of defendant in error, was guilty of gross negligence, that his act was malicious and oppressive, and was a reckless disregard of the defendant in error's rights, and that such arrest was made under the direction and by authority of the plaintiff in error, and in his presence, and he is, therefore, liable under the law for the exemplary damages found by the jury. Railway Co. v. Garcia, 70 Texas, 207; Hays v. Railway Co., 46 Texas, 272; Railway Co. v. Grier, 20 Texas Civ. App., 5, 49 S. W., 148; Gold v. Campbell, 117 S. W., 463; 2 Sutherland on Damages, secs. 394, 408, p. 1137.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was by A. M. Barker, as next friend of John Dyer, a minor, against H. D. Rucker for the recovery of damages for Dyer's false imprisonment by one J. J. Roberts. Rucker was the proprietor of a medicine show conducted at the time in the City of Waco in a tent. Roberts was a deputy constable of the justice precinct, and likewise in the employ of Rucker to preserve order on the show grounds at night. On the night of the occurrence out of which the suit arose, Dyer, who had purchased a reserved seat in the tent, became engaged in an argument with another patron as to which was entitled to the seat he was occupying. Roberts was called. He was directed by Rucker to settle the dispute, or to stop it. He approached Dyer and requested that he vacate the seat, which Dyer refused to do. As to what then occurred

the record is in conflict, but according to young Dyer's testimony, which it was the province of the jury to credit, he was, without cause, dragged by Roberts from his seat and out of the tent,—Roberts being assisted by one Crawford,—was struck in the face, thrown down, and turned over to the police to be locked up for disturbing the peace. At the time Dyer refused Roberts' request to vacate the seat, Rucker was standing near, in a position to see Dyer and Roberts, and close enough to hear them. According to Roberts, after Dyer refused to vacate the seat, he turned to Rucker about the matter; and it was then that Rucker told him to stop, or settle, the dispute. Dyer was carried past Rucker in being dragged from the tent, but Rucker made no effort to interfere with the treatment to which he was being subjected by Roberts.

Upon special issues the jury found that Dyer, before the assault and arrest by Roberts, had not been guilty of any conduct calculated to disturb those present in the tent. Also, that Roberts in making the arrest did so under the instructions of Rucker, or while acting within the scope of his duties under Rucker's employment, and not upon his own volition as a peace officer. A verdict in the plaintiff's favor for $1000 actual damages, and $250 exemplary damages, was returned. The Court of Civil Appeals affirmed the judgment.

It is urged by the plaintiff in error that there is no evidence sustaining the finding that Roberts, in making the arrest, was acting under Rucker's direction, or within the scope of his employment under Rucker; and further, that there is no evidence warranting a finding against Rucker for exemplary damages.

We think both, in the state of the proof, were jury questions. It was not necessary for Rucker to have authorized the specific acts which Roberts committed in his treatment of Dyer in order to be liable in actual damages for Roberts' conduct. If Roberts at the time was acting within the general scope of his duties as Rucker's employee, Rucker was responsible for his action, though it was in excess of Rucker's actual instructions. It was a question of fact as to whether Roberts was acting upon his own volition as a peace officer, or as Rucker's employee. According to Roberts' own testimony, he took no steps toward the arrest until he had consulted Rucker, and only after Rucker had directed him to stop, or settle, the dispute. This, alone, would warrant the finding that Roberts made the arrest because of Rucker's instructions and in his capacity as Rucker's employee.

Under the finding that Dyer had committed no breach of the peace, the arrest was unlawful. The conduct of Roberts was violent and excessive according to Dyer's version. Because of the unlawful nature of his act, malice would be imputed to Roberts in its commission. If Rucker was a party, either expressly or tacitly, to the violent and unlawful conduct of Roberts, the verdict for exemplary damages was warranted. It may be inferred from the record that the arrest was made in Rucker's presence. He saw the treatment to which Dyer was being subjected by Roberts. He had given the original instructions to Roberts.

He necessarily knew that such was the manner in which Roberts was executing them. He stood by and made no effort to restrain Roberts. This was proof, under the circumstances, of tacit participation in Roberts' conduct.

The judgments of the District Court and the Court of Civil Appears are affirmed.

*Affirmed.*