The KROGER COMPANY et al., Appellants,

v.

Margie WARREN et vir, Appellees.

No. 15114.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 19, 1967.

William Key Wilde, Houston, Bracewell & Patterson, Houston, of counsel, for appellants Sam Morrow and The Kroger Co.

Daugherty, Bruner, Lastelick & Anderson, Jerry Lastelick, Dallas, for appellants Delbert Clymer and Hopper & Hawkins, Inc.

Kenneth Bing, Freeport, Miller, Gann, Perdue & Werner, John C. Werner, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from an order overruling the pleas of privilege filed in a suit for damages by reason of assault and battery and false imprisonment. The principal question is whether Sam Morrow, an employee of The Kroger Company, and Delbert Clymer, an employee of Hopper & Hawkins, Inc., committed a crime or offense in the course of their employment while in Brazoria County, Texas, so as to sustain venue in that county under Section 9 of Article 1995, Vernon's Ann.Civ.St.

The Kroger Company is the owner of a retail grocery store located in Freeport, Brazoria County, Texas. Mrs. Margie Warren was employed by that company as a grocery checker or clerk. Hopper &

Hawkins, Inc., is a company engaged in checking on employees of various stores for the purpose of rating or grading their efficiency and of checking on the possibility of the misappropriation of company funds. This company had contracted to furnish these services to The Kroger Company and had been performing security checks or surveys for Henke & Pillot and its owner, The Kroger Company, for six or seven years.

Sometime prior to March 31, 1964, a representative of Hopper & Hawkins, Inc., had checked the Freeport store and in so doing had made certain purchases. The purchases were checked out through the register operated by Mrs. Warren. The purchases were turned over to Delbert Clymer and the agent reported that he suspected that a $1.00 item was not rung up on the cash register. Clymer was directed to return the purchases to Sam Morrow, a security officer for The Kroger Company, and to check up on the report. Clymer asked Morrow to check the purchases against the cash register tape. After the tape was checked, Morrow and Clymer decided to question Mrs. Warren and certain other employees of the Freeport store who were suspected of failing to ring up all purchases.

On March 31, 1964, Morrow and Clymer went together to Freeport. Morrow introduced the manager of the store to Clymer and told him that they wanted to question some of the employees. The manager took them to a small, windowless conference room at the back of the store, and, at Morrow's request, he brought Mrs. Warren to the room for questioning.

Mrs. Warren testified that they accused her of taking $1.00 on the occasion of the agent's visit and continued to question her about the number of other times she had taken money. They were trying to get her to write a letter admitting taking money and estimating the amount taken. She testified that Clymer did most of the talking, but that both of them threatened to call the police if she did not write the letter. Mor-

row also told her that her "family would be exposed in such a way that it would be to my embarrassment." On several occasions she asked to be permitted to leave the room, but Clymer told her she could not go. She was afraid and was crying. When Morrow threatened to call the police, she was agreeable. She offered to call the police herself because she wanted to get out of the room. After about an hour and a half, Morrow left the room and she then tried to leave, but Clymer caught her by the arm and prevented her leaving. Finally she wrote a letter at Clymer's dictation, except for the amount of money taken, and then was permitted to leave. She testified that she did not take any money from her employer. The president of Hopper & Hawkins, Inc., testified that on this occasion it was Clymer's duty to do whatever business was supposed to be done with The Kroger Company.

The testimony with respect to what happened during the questioning was contradicted by the testimony of the defendants. Other testimony which Mrs. Warren gave was weakened or destroyed by the testimony she gave after being confronted by her previous deposition.

The trial court found that Clymer and Morrow were acting in the course and scope of employment and that Hopper & Hawkins, Inc. at all times material hereto was acting as an agent and representative of The Kroger Company. He found that Clymer told Mrs. Warren that unless she signed a statement to the effect that she had stolen money from The Kroger Company, he would call the police and have her arrested and placed in jail. He found that Clymer told Mrs. Warren that they would not permit her to leave the room where the interrogation was being conducted until she signed the statement, and that when she attempted to leave she was physically restrained by Clymer. He found that she signed the statement admitting taking the money because of the threats and abuse to which she had been subjected, in order that she would be permitted to leave the

room, and that the statement was untrue. He found that as a result of the treatment she received, Mrs. Warren suffered physical pain and mental anguish.

The trial court concluded as a matter of law, based on his findings of fact that a crime or offense had been committed against appellee by all of appellants in Brazoria County, Texas. He further concluded that venue should be held in that county·as to Sam Morrow by virtue of Section 9, Article 1995, R.C.S., as to The Kroger Company by virtue of Sections 9, 23, and 27 of Article 1995, R.C.S., and as to Hopper & Hawkins, Inc., by virtue of Sections 9 and 23, Article 1995, R.C.S.

■ While the trial court is not required to file findings of fact and conclusions of law in an appeal from his ruling on a plea of privilege, he is authorized to do so at the request of either party by Rules 385(e) and 296, Texas Rules of Civil Procedure. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1954).

■ In Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91 (Tex.Com.App. 1935, opinion adopted), the court said: "On appeal from a judgment sustaining or overruling a plea of privilege, the power of the Court of Civil Appeals in reviewing the fact findings made by the trial court is the same as it is in any other appealed case."

■ The findings of fact filed by the trial court are not conclusive on appeal when a statement of facts appears in the record. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156 (1950). It is necessary, however, that material findings of fact be challenged by appropriate points in appellants' brief or else the appellants are bound by the findings of fact. Waters v. King, 353 S.W.2d 326 (Tex.Civ.App., Dallas 1961); Ferrier v. Caprock Machinery Company, 350 S.W.2d 224 (Tex.Civ.App., Amarillo 1961); Thompson v. Larry Lightner,

Inc., 230 S.W.2d 831 (Tex.Civ.App., San Antonio 1950, ref., n. r. e.).

■ There is no point in the brief filed by either of the appellants challenging any of the findings of the court to be without support in the evidence, or to be against the preponderance of the evidence. A detailed discussion of the evidence as applied to the fact findings, therefore, is not required. Downs v. McCampbell, 203 S.W.2d 302 (TexCiv.App., Austin 1947).

■ While the trial court concluded as a matter of law that venue should be held in Brazoria County as to Sam Morrow by reason of Section 9 of Article 1995, R.C.S., no specific finding of fact presented a basis for this conclusion. The court found that Morrow and Clymer interrogated Mrs. Warren for about three hours and falsely accused her of stealing money from her employer; that during the interrogation Clymer told her that she would not be permitted to leave the room until she signed a statement admitting theft; that Clymer told her that unless she signed the statement she would be arrested and placed in jail; and that Clymer forcibly restrained Mrs. Warren from leaving the room. The trial court's conclusion that these acts amounted to the commission of false imprisonment and assault and battery against Mrs. Warren on the part of all of the defendants is also a finding of fact. Skillern & Sons, Inc. v. Stewart, 379 S.W.2d 687 (Tex.Civ.App., Ft. Worth, 1964, ref., n. r. e.).

■ We are required not only to give effect to the findings as made, but also to presume omitted findings to support the judgment, if such findings are supported by the evidence. Collins v. Tucker, 333 S.W.2d 218 (Tex.Civ.App., Ft. Worth 1960); Waters v. Yockey, 193 S.W.2d 575 (Tex.Civ.App., Dallas 1946).

Articles 65 and 66, Vernon's Ann.P.C., provide that all persons are principals who

**222**

are guilty of acting together in the commission of an offense; that when an offense is actually committed by one or more persons, but others are present and, knowing the illegal intent, aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging are principal offenders. Lee v. State, 214 S.W.2d 619 (Tex.Crim.App., 1948). See also Francis v. Kane, 246 S.W.2d 279 (Tex.Civ.App., Amarillo 1951).

■ The asserted elements of the offense of false imprisonment are said to be: (1) a wilful detention of the person, (2) a detention without authority of law, and (3) a detention against the consent of the party detained. 25 Tex.Jur.2d, False Imprisonment, § 3.

■■ A detention is unlawful if it prevents a person from moving from place to place or in the direction he wishes to go. Where it is contended that the unlawful detention is brought about by a threat, it must be shown that the threat was such as would inspire in the threatened person a just fear of injury to his or another's person, reputation, or property. 25 Tex.Jur. 2d, False Imprisonment, § 4.

■ The findings of the trial court clearly establish false imprisonment and assault and battery as against the defendant Clymer. The evidence is sufficient to support an implied finding that the defendant Morrow was acting with Clymer in wilfully detaining appellee without authority of law and without her consent, and that he aided and encouraged him in so detaining Mrs. Warren.

■ The evidence shows that the actions taken in this case by Clymer and Morrow were taken as agents of their respective companies and in the furtherance of company business committed to them. The Kroger Company is bound by the actions of their employee Morrow, and Hopper & Hawkins, Inc. is responsible for the actions of its employee Clymer. Magnolia Petroleum Co. v. Guffey, 129 Tex. 293, 102 S.W.2d 408 (Tex.Com.App., 1937, opinion adopted); Rucker v. Barker, 108 Tex. 280, 192 S.W. 528 (Tex.Sup.1917).

The judgment is affirmed.