**PIZZA INN, INC., Appellant,**

v.

**Victor YORK, Appellee.**

**No. 01–82–0887–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 8, 1983.

Richard Reedy, Houston, for appellant.

J.C. Loftis, Houston, for appellee.

Before WARREN, DOYLE and DUG-GAN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from an order denying appellant's plea of privilege.

Appellee sued appellant and others in Harris County for damages caused by an alleged false imprisonment and malicious prosecution. Appellant filed its plea of privilege to be sued in Dallas County, the residence of its registered agent. Appellee controverted the plea alleging that Sections 9, 23 and 29a, Tex.Rev.Civ.Stat.Ann. art. 1995, allowed the suit to be maintained in Harris County.

Appellant urges that the order overruling its plea of privilege should be reversed because appellee failed to prove a cause of action against it, as required by Subdivisions 9 and 23, that he failed to prove that appellant had an agency or representative in Harris County as required by Subd. 23, and that venue could not be maintained under Subd. 29a because appellant was not a necessary party to the suit.

The only evidence presented at the hearing was the testimony of appellee, who testified as follows:

That on June 4, 1981, he was employed by appellant at its Pizza Inn at 2618 Cullen in Houston; where he worked as a cook and cleaning man and sometimes as the cashier; that while working the cash register he became ill and left the cash register to go to the restroom; that he was holding a five dollar bill which was supposed to have been in the cash register, and after using the restroom he returned to the cash register with the five dollar bill in his hand; that Mary Lockwood, the assistant manager of the Pizza Inn, grabbed the bill from his hand and instructed a University of Houston policeman to arrest him, that the officer placed his hand on a gun at his side and told appellee not to move, put handcuffs on appellee, told appellant that he had a warrant for his arrest and took him to a back room—that while being detained in the back room he was harassed and accused by Mary Lockwood of being part of a theft ring; that he was kept in the back room for 15 to 30 minutes after which an officer from the Houston Police Department came and took him to the police station and placed him in jail; that he paid a $420 bond premium, and was tried for theft and found not guilty; and that he did not freely go to the back room.

Subdivision 9, art. 1995, allows a suit based upon a crime, offense, or trespass to be brought in the county where such crime, offense, or trespass was committed by a defendant, his agent or representative.

■ False imprisonment is considered a trespass within the meaning of the venue statute so that venue is properly laid within the county where the trespass was committed. *American Insurance Association v. Smith,* 439 S.W.2d 418 (Tex.Civ.App.—Texarkana 1969, no writ); *Kroger Co. v. Warren,* 420 S.W.2d 218 (Tex.Civ.App.—Houston 1967, no writ);

■ To successfully maintain a suit for false imprisonment one must prove a wilful detention, without authority of law, and without the consent of the party detained. *Kroger Co., supra* and *American Insurance Association, supra.*

■ The trial court could have found from the testimony of appellee that the elements of false imprisonment were proved, that the trespass was committed in Harris County by an agent or representative of appellant, and thus, appellee is entitled to maintain venue in Harris County under Subd. 9.

■ We also hold that appellee is entitled to maintain venue under Subd. 23, which provides, in part, that a suit against a private corporation may be brought in the county in which the cause of action, or a part thereof, arose. Under this provision it is not necessary to prove that the defendant had an agent or representative in the county where the cause of action arose. *Anderson Co. v. South Texas Planting Seed Assn.,* 472 S.W.2d 592 (Tex.Civ.App.—Corpus Christi 1971, no writ); *National Pump Co., Inc. v. C & L Mach. Co., Inc.,* 565 S.W.2d 331 (Tex.Civ.App.—Amarillo 1978, no writ).

■ Appellant contends that the law requires appellee not only to prove agency, but also prove that the act of its agent was within the course and scope of the agency. We agree. Appellant reasons that even though the cases have held that an agent's act in protecting the principal's property is within the scope of the agency, a false imprisonment or a malicious prosecution by an agent, after a principal's property had been secured, would not be in the course and scope of the normal agency. We do not agree with this argument because the arrest and prosecution of embezzlers or other thieves as a deterence to others, may be of a greater benefit to the principal than a single recovery of stolen property.

Thus, the trial court could have reasonably inferred from the testimony that the acts of Mary Lockwood in having appellee detained and arrested were in the course and scope of her employment as an assistant manager of appellant's store.

Affirmed.