No. 15-24-00119-CV

| | | |
|---|---|---|
| ELIGAH DARNELL JR<br>APPELLANT | § | IN THE |
| | § | |
| | § | FIFTEENTH COURT OF APPEALS |
| V | § | AUSTIN, TEXAS |
| | § | |
| FREEMAN MARTIN, DIRECTOR, TEXAS<br>DEPARTMENT OF PUBLIC SAFETY,<br>APPELLEE | § | ON APPEAL FROM THE |
| | § | 250TH DISTRICT COURT |
| | § | TRAVIS COUNTY, TEXAS |

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

MAY 21 2025

CHRISTOPHER A. PRINE
CLERK

"REHEARING"
MOTION

TO THE HONORABLE COURT:

APPELLANT, ELIGAH DARNELL, JR, FILES HIS MOTION FOR A REHEARING TO THIS COURT'S MAY 8, 2025 JUDGMENT.

# POINTS RELIED ON FOR REHEARING

- THE COURT HAS MADE AN IMPROPER LIBERAL CONSTRUCTION OF APPELLANTS' "ULTRA VIRES" CLAIMS.

- THE COURT HAS NOT APPLIED THE LEGAL STANDARDS ASSOCIATED WITH APPELLANTS' "ULTRA VIRES" CLAIMS

- THE COURT HAS NOT DECIDED THE ISSUE OF WHETHER, OR, NOT, THE "SUBSTANTIAL SIMILARITY" TEST IN ANONYMOUS ADULT 382 S.W.3d 531 (TEX. APP. AUSTIN 2012) APPLIES TO THE DPS's ADMINISTRATIVE FINDINGS IN THIS CASE

- THE COURT HAS NOT DECIDED THE RES JUDICATA- COLLATERAL ESTOPPEL CLAIM

- THE COURT HAS MISCONSTRUED APPELLANTS' CLAIMS FOR PROSPECTIVE INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT RELIEF

# ARGUMENT

• <u>COURT FINDINGS:</u> "LIBERALLY CONSTRUING HIS PLEADINGS, DARNELL CLAIMS THAT MARTIN HAS FAILED TO RECOGNIZE THAT HE WAS REQUIRED TO REGISTER AS A SEX OFFENDER FOR A NOW EXPIRED TEN YEAR PERIOD AND NOT FOR LIFE AND, AS A RESULT, THAT MARTIN HAS ACTED ULTRA VIRES BY REFUSING TO REMOVE HIM FROM THE SEX OFFENDER REGISTRY MAINTAINED BY DPS".

• <u>THE PROPER LIBERAL CONSTRUCTION IS AS FOLLOWS:</u>
CHAPTER 62 TEXAS CODE OF CRIMINAL PROCEDURE VESTED DPS WITH THE ADMINISTRATIVE AUTHORITY TO MAKE "SUBSTANTIAL SIMILARITY" FINDINGS RELATED TO ART. 62.01(6)'s STATUTORY DEFINITION FOR 21.11(a)(i) <u>TEX. PENAL CODE</u>, APPELLANTS' 1989 CONVICTION IN CAUSE <u>0364461-W</u>, (CR. VOL 1 - AT 26-27 JUDGMENT-INFORMATION) AND TO DETERMINE THE PROPER DURATION OF REGISTRATION REQUIREMENTS FOR A REPORTABLE CONVICTION. SEE <u>ANONYMOUS ADULT</u> 382 S.W. 3d 531 (TEX. APP. AUSTIN 2012).

HOWEVER, DPS DIRECTOR HAS EXCEEDED HIS LIMITED AUTHORITY TO INTERPRET AND APPLY STATE LAW WHERE AS HERE,

311.027 TEX. GOVT CODE LIMITS DPS's CONSTRUCTION OF ART. 62.01 (6)'s STATUTORY DEFINITION TO THE 1993 AMENDED VERSION OF 21.11 (a)(1) TEX. PENAL CODE IN CH. 900, 73RD LEG. R.S. § 4.01 WHICH ENUMERATED 21.11 (a)(1) TEX. PENAL CODE TO ART. 42.12 SEC. 3g(a)(1) TEX. CODE CRIM. PROC EFF- 9-1-93. THE SUPREME COURT HAS EXPRESSLY STATED WHEN ONE STATUTE REFERENCES ANOTHER STATUTE, ONE MUST LOOK TO THE REFERENCED STATUTE TO UNDERSTAND THE REFERENCING STATUTE. SEE IN RE R.J.J. 959 S.W.2d 185 (TEX. 1998), HOLDING "ON THE OTHER HAND, WHEN THE REFERENCED STATUTE IS AMENDED OR REVISED, THE REFERENCING STATUTE INCORPORATES THE AMENDMENTS OR REVISIONS" (CITING) 311.027 TEX. GOVT CODE .

THE REFERENCING STATUTE, I.E., ART. 62.01(6) C.C.P., INCORPORATES 21.11 (a)(1) TEX. PENAL CODE AS AMENDED IN CH. 900, § 4.01, 73RD LEG 1993.

RECORD EVIDENCE SHOW APPELLANTS' 1989 CONVICTION IN CAUSE 0364461-W IS NOT CLASSIFIED AS A "3G" OFFENSE. (CR. VOL 1 - AT 33-34 - TDCJ CASE SUMMARY)

UNDER THESE FACTS AND LAW, APPELLANTS' 1989 CONVICTION CAUSE 0364461-W IS NOT "SUBSTANTIALLY SIMILAR" TO 21.11(a)(1) TX. PENAL CODE REFERENCED IN ART. 62.01(6) C.C.P's DEFINITION. SEE SUBSTANTIAL SIMILARITY TEST IMPLEMENTED BY THE 3RD COURT OF APPEALS IN ANONYMOUS ADULT 382 S.W.3d 531 (TEX. APP. AUSTIN 2012). ADDITIONALLY, APPLYING THE LEGAL STANDARDS FOR DECIDING "ULTRA VIRES" CLAIMS IN HALL V MCRAVEN 508 S.W.3d 232 (TEX. 2017) AND HOUSTON BELT, 487 S.W.3d AT 158 (TEX.), DPS's RESTRICTED AUTHORITY UNDER 311.027 TEX. GOVT CODE, AND HIS DISCRETION TO INTERPRET AND APPLY CH. 62 C.C.P. WAS NOT ABSOLUTE. HERE, DPS HAS EXCEEDED THE LIMITS OF HIS AUTHORITY UNDER 311.027 TEX. GOVT CODE AND APPLIED ART. 62.01(6)'s STATUTORY DEFINITION

TO THE 1989 CONVICTION IN CAUSE 0364461-W , (CR. Vol 1 AT 41-45 )
THE PRE-RELEASE NOTIFICATION SHOW DPS HAS INTERPRETED THE
STATUTORY DEFINITION IN THE (REFERENCING STATUTE) ART. 62.01 (6) C.C.P.
AS APPLYING TO THE (REFERENCED STATUTE - AMENDED VERSION IN CH. 900)
1989 CONVICTION CAUSE 0364461-W . DPS HAS VIOLATED THE
FUNDAMENTAL COMPONENTS OF AN "ULTRA VIRES" CLAIM BASED
ON ACTIONS TAKEN WITHOUT LEGAL AUTHORITY; (1) AUTHORITY
GIVING SOME BUT NOT ABSOLUTE DISCRETION TO ACT AND
(2) CONDUCT OUTSIDE OF THAT AUTHORITY. HOUSTON BELT 487
S.W. 3d AT 158 ,

ART. 62.12 (a) TEX. CODE CRIM. PROC. IMPOSES LIFETIME REGISTRATION
FOR OFFENSES DEFINED IN ART. 62.01 (6) C.C.P. AS NOTED HERE,
APPELLANT'S 1989 CONVICTION IN CAUSE 0364461-W DOES NOT
QUALIFY FOR THE STATUTORY DEFINITION IN ART. 62.01 (6) AS IT
REFERENCES THE "AMENDED" VERSION IN CH. 900, §4.01 , 73RD
LEG FOR 21.11(a)(1) TEX. PENAL CODE. "DPS RECORDS" AND ONLINE
INFORMATION INCORRECTLY LIST "LIFETIME REGISTRATION" ( CR. Vol 1
- AT 214-216 )

DPS RECORDS AND ONLINE INFORMATION ALSO LIST THE VICTIM IN THE 1989 CONVICTION CAUSE 0364461-W AS A "FRIEND" ( CR. VOL1 AT 214-216 ) DESPITE CONVICTION RECORDS SHOWING A FAMILY MEMBER. ( CR. VOL1- AT 162 ) DPS HAS NO LEGAL AUTHORITY TO MISINTERPRET THE LAW AND PUBLISH FALSE INFORMATION IN STATE AND ONLINE RECORDS. APPELLANT HAS A "SUBSTANTIVE" AND "PROCEEDURAL" DUE PROCESS RIGHT UNDER THE 14TH AMENDMENT IN HAVING DPS COMPLY WITH STATUTORY LAW AND RECORD EVIDENCE.

## INJUNCTIVE RELIEF

THE RELIEF APPELLANT SEEKS IS NO DIFFERENT FROM THE RELIEF GRANTED IN McCRAW V C.I. , 525 S.W. 3d 701 (9TH COURT OF APPEALS - 2017) "HOLDING: IT IS UNDISPUTED THAT DPS'S ONLINE PUBLIC RECORDS REFLECT INCORRECT INFORMATION, AND C.I. HAS SOUGHT INJUNCTIVE RELIEF TO COMPEL McCRAW TO REFORM THE RECORDS TO REFLECT CORRECT INFORMATION". FINDING C.I. HAS PLED A FACIALLY VALID CLAIM THAT McCRAW WAS

Acting without legal authority, ultra vires, by reporting false information and seeking to require C.I. to register as a sex offender for a lifetime."

## STATEMENT for RELIEF in ORIGINAL PETITION

Appellants' original petition sought relief to compel DPS Director "McCraw", to reform state records to reflect correct information. (CR. Vol I - at 5-18)

This court has recently decided several cases involving "ultra vires" claims for relief and applied Supreme Court standards to resolve those cases as well as record evidence and statutory law relied on to decide those cases which are as follows:

1) Young v Tex. Parks + Wildlife Dept No. 15-24-00052-CV (April 24, 2025) (Considered scope of officials authority against legal authorities cited)

2) Morath v Kingsville Indep. Sch. Dist No. 15-24-00007-CV (April 3, 2025) (Same)

3) STATE V CITY OF SAN MARCUS NO.15-24-00084-CV (APRIL 17, 2025) (CITED AND APPLIED SUPREME COURT AUTHORITY)

4) STATE V CITY OF AUSTIN NO.15-24-00077-CV (APRIL 24, 2025) (SAME)

5) PARKS V RW TROPHY RANCH, LTD NO.15-24-00112-CV (APRIL 10, 2025) (CONSIDERED LIVE PETITION, USING GUIDES AND STATUTORY LAW CITED)

APPELLANT HAS "CLEAR AND CONVINCING" RECORD EVIDENCE THAT SHOW DPS ONLINE RECORDS REFLECT INCORRECT INFORMATION (CR. VOL I AT 214-216) AND (CR. VOL I - AT 162) YET, THIS COURT APPEARS TO HAVE DISREGARDED THESE FACTS.

APPELLANT HAS CITED SUPREME COURT AUTHORITY IN IN RE R.J.J. 959 S.W. 2d 185 (TEX. 1998) AND 311,027 TEX. GOVT CODE TO SUPPORT HIS "ULTRA VIRES" CLAIM AS WELL AS "HALL V MCRAVEN" AND "HOUSTON BELT". THIS COURT HAS NOT RESORTED TO ANY OF THE RECORD EVIDENCE OR AUTHORITIES CITED BY APPELLANT TO RESOLVE THE CLAIM PRESENTED.

## ARGUMENT - CONT

- APPELLANT HAS ALSO PRESENTED A "UNDISPUTED" COLLATERAL ESTOPPEL - RES JUDICATA CLAIM AS FOLLOWS:

## RECORD EVIDENCE

IN 1991, APPELLANT WAS CHARGED WITH UNLAWFULLY CARRYING OF A WEAPON WITH AN ENHANCEMENT ALLEGATION LISTING THE 1989 CONVICTION IN CAUSE 0364461-W for ENHANCEMENT TO 3RD DEGREE FELONY (CR. VOL 1 - AT 251 - INFORMATION) THE STATE ANNOUNCED "NOT READY" ON 11-15-91 IN AN EFFORT TO PRODUCE EVIDENCE OF A "VIOLENT" OFFENSE FOR PURPOSES OF 46.05 TEX. PENAL CODE. (CR. VOL 1 - AT 252) THE CASE WAS CONTINUED TO 11-22-91, WHERE THE COURT REJECTED THE STATES EVIDENCE IN SUPPORT OF IT'S ENHANCE- MENT ALLEGATION AND THEN SENTENCED THE APPELLANT TO MISDEMEANOR PUNISHMENT UNDER TEX. PENAL CODE 46.02 (CR. VOL 1 - AT 252-253)

<u>TEX. PENAL CODE 46.05</u> READS:

<u>UNLAWFUL POSS OF A FIREARM BY A FELON</u>: "A PERSON WHO HAS BEEN CONVICTED OF A FELONY INVOLVING AN ACT OF VIOLENCE OR THREATENED VIOLENCE TO A PERSON OR PROPERTY COMMITS AN OFFENSE IF HE POSSESSES A FIREARM AWAY FROM THE PREMISES WHERE HE LIVES, (b) AN OFFENSE UNDER THIS SECTION IS A FELONY OF THE THIRD DEGREE" (AMENDED IN S.B. 1067, 73RD LEG. R.S. 1993) TO <u>TEX. PENAL CODE 46.04</u>,

## APPELLANT'S RES JUDICATA
## COLLATERAL ESTOPPEL ARGUMENT

TO THE EXTENT DPS HAS ADOPTED A "<u>LITERAL CONSTRUCTION</u>" OF THE STATUTORY DEFINITION "<u>SEXUALLY VIOLENT</u>" OFFENSE IN <u>ART. 62.01 (6)</u> TEX. CODE CRIM. PROC. AND APPLIED THIS DEFINITION TO THE 1989 CONVICTION IN <u>CAUSE 0364461-W</u>, IN EFFECT, DPS IS RELITIGATING AN ISSUE PREVIOUSLY DETERMINED AGAINST THE STATE BY A VALID AND

FINAL JUDGMENT IN CAUSE 0454488 (CR. VOL 1 - AT 252-253) SO AS TO IMPLICATE "RES JUDICATA" - "COLLATERAL ESTOPPEL". TEX. R. CIV. PROC. 94 IDENTIFIES RES JUDICATA AS AN AFFIRMATIVE DEFENSE. SEE VIET TRAN V RITTER NO. 03-22-00670-CV (TEX. APP. AUSTIN JUNE 21, 2024) "PRECLUSIVE EFFECT OF PRIOR JUDGMENTS".

THE SUPREME COURT HAS IDENTIFIED RES JUDICATA AS AFFIRMATIVE DEFENSE. EAGLE OIL + GAS CO. V TRO-X, L.P., 619 S.W.3d 699, 705 (TEX. 2021).

COLLATERAL ESTOPPEL WOULD ALSO BAR DPS FROM ADOPTING A CONSTRUCTION OF ART. 62.01(6)'s STATUTORY DEFINITION "SEXUALLY VIOLENT" AS APPLYING TO THE EXACT 1989 CONVICTION IN CAUSE 0364461-W WHERE A PREVIOUS JUDGMENT IN CAUSE 0454488 COUNTY CRIMINAL COURT NUMBER TEN TARRANT COUNTY, TEXAS, DETERMINED THE SAME 1989 CONVICTION WAS NOT CLASSIFIED A "VIOLENT OFFENSE" UNDER TEXAS LAW IN 1989. (CR. VOL 1 - AT 251-253) BROWN V FREED NO. 03-21-00556-CV (TEX. APP. AUSTIN 2023) BARR V RESOLUTION TR. CORP 837 S.W. 2d 627 (TEX. 1992)

THE EFFECT OF DPS'S CONSTRUCTION AND APPLICATION OF CH.62 C.C.P. LEADS TO A RESULT THAT WOULD RE-LITIGATE AN ISSUE, i.e., WHETHER THE 1989 CONVICTION IN CAUSE 0364446/-W WAS CLASSIFIED A "SEXUALLY VIOLENT" OFFENSE IN 1989..., AN ISSUE, ALREADY DETERMINED ADVERSELY AGAINST THE STATE PREVIOUSLY.

THIS CLAIM HAS WENT UNDISPUTED AND THIS COURT HAS NOT DECIDED THIS AFFIRMATIVE DEFENSE ISSUE.

-THE COURT JUDGMENT-FINDINGS INCORRECTLY STATE: "ACCORDING TO DARNELL,

• 1) AT THE TIME OF HIS 1989 CONVICTION, THE OFFENSE OF INDECENCY WITH A CHILD WAS NOT CLASSIFIED AS A VIOLENT OFFENSE FOR PURPOSES OF THE MANDATORY SUPERVISION STATUTE,

THE APPELLANTS' ARGUMENT SHOULD HAVE BEEN CONSTRUED AS SAYING HIS 1989 CONVICTION FOR THE OFFENSE OF INDECENCY WITH A CHILD WAS NOT CLASSIFIED AS A VIOLENT OFFENSE FOR ANY PURPOSE AS REFLECTED IN THE PRIOR JUDGMENT IN CAUSE 0454488 (CR. VOL 1. AT 251-253) AND STATE LAW ITSELF.

• AND, (2) "THE OFFENSE OF INDECENCY WITH A CHILD WAS NOT CLASSIFIED AS A "SEXUALLY VIOLENT OFFENSE" UNDER CH.62 UNTIL THE STATUTE WAS AMENDED IN 1997"...

THE APPELLANT'S ARGUMENT PROPERLY CONSTRUED, IS THAT INDECENCY WITH A CHILD DID NOT BECOME CLASSIFIED AS A SEXUALLY VIOLENT OFFENSE UNDER TEXAS LAW UNTIL ART. 42.12 SEC. 3g (a)(1) TEX. CODE CRIM. PROC. WAS AMENDED I.E., TEX. PENAL CODE 21.11 (a)(1) WAS AMENDED IN CH. 900, 73RD LEG. R.S., SEC. 4.01 AND ENUMERATED TO ART. 42.12 SEC. 3g (a)(1) TEX. CODE CRIM. PROC. Eff-9-1-93.

• THE COURTS FINDINGS ALSO INCORRECTLY READ: "IN SHORT, DARNELL CONTENDS THAT CHAPTER 62's DEFINITION OF A "SEXUALLY VIOLENT OFFENSE" CANNOT BE RETROACTIVELY APPLIED TO HIS 1989 CONVICTION FOR INDECENCY WITH A CHILD".

APPELLANT'S ARGUMENT PROPERLY CONSTRUED, IS THAT DPS DIRECTOR EXCEEDED STATUTORY AUTHORITY IN 311.027

TEX. GOVT CODE    BY MISINTERPRETING ART. 62.01(6)'s DEFINITION "SEXUALLY VIOLENT OFFENSE", AS APPLYING TO THE 1989 CONVICTION DESPITE THE 1993 AMENDMENTS IN CH. 900 LIMITING THE AMENDED VERSION OF 21.11 (a)(1) TEX. PENAL CODE TO OFFENSES OCCURRING ON OR AFTER 9-1-93. SEC. 4.01 SAVINGS CLAUSE.. MOREOVER, DPS HAS COMMITTED AN ILLEGAL ACT, ULTRA VIRES, BY EXCEEDING STATUTORY AUTHORITY LIMITED BY 311.027 TEX. GOVT CODE,

• THE COURT FINDINGS ALSO INCORRECTLY STATE: "TO THE EXTENT DARNELL CHALLENGES CHAPTER 62's RETROACTIVE APPLICATION AS UNCONSTITUTIONAL, THE LEGAL THEORY IS MERITLESS,

THE APPELLANT'S CLAIM PROPERLY CONSTRUED, IS NOT THAT CH. 62's APPLICATION RETROACTIVELY DENIES DUE PROCESS,

APPELLANT HAS EXPRESSLY ARGUED THAT DPS's CONSTR-UCTION OF ART. 62.01 (6)'s EXCEEDS LIMITS PLACED BY 311.027 TEX. GOVT CODE WHICH LIMITS ART. 62.01 (6)'s DEFINITION TO THE 1993 AMENDED VERSION OF 21.11 (a)(1) TEX. PENAL CODE . SEE IN RE R.J.J. 959 S.W.2d 185 (TEX. 1998) EXCEEDING STATUTORY LIMITS IN 311.027 TEX. GOVT CODE VIOLATES DUE PROCESS 14TH AMENDMENT.

UDJA - UNIFORM DECLARATORY JUDGMENT IS EFFECTIVE TO DECLARE APPELLANTS' "STATUS AND RIGHTS" UNDER CH. 62 ONCE DPS IS DIRECTED TO COMPLY WITH THE STATUTORY LIMITS ON HIS DISCRETION IN 311.027 TEX. GOVT CODE .

## PRAYER

FOR THESE REASONS, ELIGAH DARNELL, JR, REQUESTS THAT THIS COURT RECONSIDER THE PREVIOUS JUDGMENT, GRANT THIS MOTION FOR REHEARING, WITHDRAW THE PRIOR OPINION AND JUDGMENT, AND ISSUE AN OPINION AND JUDGMENT GRANTING RELIEF TO THE APPELLANT ON ANY POINT RAISED HEREIN, ELIGAH DARNELL, JR, ALSO REQUESTS ANY OTHER RELIEF TO WHICH HE MAY BE ENTITLED.

ON THIS __13TH__ DAY
OF __MAY__ 2025

_____
APPELLANT

## CERTIFICATE OF SERVICE

A TRUE AND CORRECT COPY OF THE APPELLANT'S MOTION FOR REHEARING

HAS BEEN PLACED IN THE U.S. MAIL ADDRESSED TO:

VISHAL V IYER
OFFICE OF THE ATTORNEY GENERAL
LAW ENFORCEMENT DEFENSE DIVISION
P.O. BOX 12548
AUSTIN, TEXAS 78711-2548

ON THIS ___13TH___ DAY
OF ___MAY___ 2025

_____
APPELLANT